No. 20617.

GEORGE TOLLEFSON *v.* JAMES G. GLEASON, INDIVIDUALLY AND D/B/A GLEASON & SALES REALTY CO.
(412 P.2d 436)

Decided March 28, 1966.

HACKETHAL and McNEILL, for plaintiff in error.

FRANCIS S. MANCINI, PHILIP E. LOWERY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

TOLLEFSON is here by writ of error seeking reversal of a judgment of $4,000 entered against him in favor of Gleason.

In this complaint Gleason alleged that Tollefson and he had orally agreed that, should Gleason secure a loan for Tollefson in the amount of $200,000, Tollefson would pay Gleason a commission of 2%, or $4,000. It was further alleged that "through the efforts" of Gleason the loan was secured for Tollefson from the First Mortgage Corporation, but that Tollefson had refused to pay the commission.

Tollefson answered, denying that he and Gleason had such an agreement and that the loan was secured through Gleason's efforts. Tollefson also filed a third party complaint against the First Mortgage Corporation and the Denver Agency Investment Company, alleging that "through the shared reciprocal brokerage listings and mutual agencies of James G. Gleason, First Mortgage Corporation and Denver Agency Investment Company, a loan was secured from John Hancock Mutual Life Insurance Co. for defendant George Tollefson." It

was further alleged that Tollefson had paid a commission of $4,000 to the Denver Agency Investment Company at the time he received the loan and that this commission was divided "or should have been divided" among Gleason, the First Mortgage Corporation, and the Denver Agency Investment Company. Tollefson demanded judgment against the third party defendants for all sums which might be adjudged against him in Gleason's favor.

In their answers, the third party defendants, in essence, denied that Gleason was to share in the $4,000 commission that Tollefson had paid to the Denver Agency Investment Company, and denied that they were in any wise liable to Tollefson for any amount that might be adjudged against him.

After all parties had rested, the trial court dismissed the third party complaint and no error is assigned to this action. The court found that Gleason and Tollefson had entered into an oral contract for the commission claimed and that Gleason had performed his part of the agreement by procuring the loan for Tollefson. Judgment in accordance with these findings followed.

Tollefson predicates error on three grounds, as follows: (1) the trial court erred in finding that a contract to procure a loan was established by the evidence; (2) the trial court erred in finding that Gleason procured the loan; (3) the trial court erred in allowing the introduction of oral evidence to establish the contract.

The first two assignments of error represent an old contention — only the details are different. They run afoul of the axiomatic rule that this court will not disturb the findings made by a trial court where there is competent evidence in the record to support them.

Gleason, a real estate broker, produced evidence showing that he and Tollefson first met in the latter part of March or early April in 1959, at which time Tollefson informed Gleason that he desired to sell his construction company and either to sell or procure a "perma-

nent" loan on a nearly completed apartment house he was building known as the "Four Winds." The construction company and the "Four Winds" were shortly thereafter listed for sale with Gleason, and, according to Gleason's testimony, he was either to sell the "Four Winds" or procure a "permanent" loan on it in the neighborhood of $200,000, in which latter event Tollefson agreed to pay him a 2% commission over and above any other fees involved in obtaining the money. The loan and commission agreement was not incorporated into the written listing agreement entered into by the parties.

Rental advertisements on the "Four Winds" were run, and, as the building neared completion, tenants began to take apartments. At this point, according to Gleason's testimony, Tollefson abandoned all thoughts of selling the "Four Winds" and urged Gleason to concentrate solely on procuring the loan. It appears that Tollefson's creditors were pressing him and that he was in constant communication with Gleason about the loan. Gleason testified as to his many efforts in contacting various lenders and that he ultimately interested one Warren Toltz in the proposition and arranged an appointment for Tollefson with Toltz, who owned and was president of the First Mortgage Corporation. Toltz corroborated Gleason's testimony with respect to conversations had between them regarding the loan.

The loan was concluded in August 1959, the money coming from the John Hancock Life Insurance Company with the participation of the First Mortgage Corporation and the Denver Agency Investment Company. It is undisputed that Tollefson paid a "loan commission" of $4,000 which was split between the Denver Agency Investment Company and the First Mortgage Corporation. Toltz testified that in one of the conversations had between himself and Gleason, he asked Gleason whether he expected a fee from the First Mortgage Corporation, and that Gleason told him he had an agreement with

Tollefson so he would not expect another fee. Toltz would hardly have made such an inquiry had Gleason not been instrumental in the transaction. There also appears of record a letter from Toltz to Gleason wherein Toltz thanked Gleason for "referring" the Tollefson loan to him.

■ As above pointed out, we are disinclined to upset the trial court's findings on the strength of this record. It is the trial court which had the opportunity to observe the demeanor of the witnesses and the duty to weigh the credibility of their testimony. It is, therefore, immaterial on this writ of error that Tollefson denied having made the agreement with Gleason or that he disputed the fact that Gleason procured the loan for him.

■ Turning to the final error assigned, we find no merit in the contention that the trial court erred in allowing the introduction of oral evidence to establish the loan and commission agreement. We fully agree with the general proposition of law asserted by Tollefson that parol evidence may not be used to vary the terms of a written instrument, but this general rule is of no help to Tollefson under the circumstances of this case.

Here, as the trial court found, there was an independent oral loan and commission agreement entered into by the parties, and this separate agreement was not integrated into the written listing agreement for the sale of the "Four Winds." Parol evidence, therefore, was properly admitted in evidence by the trial court to establish the loan and commission agreement. See *Creek v. Lebo Investment Co.*, 85 Colo. 357, 276 Pac. 329; *Martin v. Grant*, 90 Colo. 300, 8 P.2d 764; 17A C.J.S., *Contracts*, § 381 at 445.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.